OH 126th St. Hous. Dev. Fund Corp. v Berkley Ins. Co. (2024 NY Slip Op 05410)

OH 126th St. Hous. Dev. Fund Corp. v Berkley Ins. Co.

2024 NY Slip Op 05410

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 652824/22 Appeal No. 2934 Case No. 2024-03079 

[*1]OH 126th St. Housing Development Fund Corporation, et al., Plaintiffs-Appellants,
v
Berkley Insurance Company, Defendant-Respondent. [And a Third-Party Action]

Silverman Shin & Schneider PLLC, New York (Andrew V. Achiron of counsel), for appellants.
Peckar & Abramson, P.C., New York (Charles E. Williams, III of counsel), for respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered April 24, 2024, which denied plaintiffs' motion for summary judgment as to liability, unanimously reversed, on the law, with costs, and the motion granted.
Here, plaintiffs' alleged damages against defendant surety for breach of the performance bond were not foreclosed as a matter of law based solely on a waiver of consequential damages in the construction contract. A surety's breach of its own obligation under a surety bond may give rise to claims for "damages flowing from its breach" (WBP Cent. Assoc., LLC v DeCola, 91 AD3d 861, 863 [2d Dept 2012] [internal quotation marks omitted]). Although the construction contract between plaintiffs and the contractor waives consequential damages, plaintiffs' claim against defendant arises from the alleged breach of its obligations as surety under the performance bond (see In re New Bern Riverfront Dev. LLC v Weaver Cooke Constr., LLC, 521 BR 718, 725 [Bankr ED NC 2014] [waiver of consequential damages in a construction contract between property owner and contractor did not apply to property owner's action against surety for breach of its independent obligation under the performance bond]).
Section 3 of the performance bond states that defendant's obligation arises out of plaintiffs' performance of certain obligations, and Section 6 of the performance bond states that "[i]f the Surety proceeds as provided in Section 5.4, and Owner refuses the payment or the Surety has denied liability, in whole or in part, without further notice[,] the Owner shall be entitled to enforce any remedy available to the Owner." Since the language of the performance bond provides an independent cause of action for plaintiffs against defendant, the waiver of consequential damage in the construction contract does not affect plaintiffs' claim against defendant as surety. As plaintiffs only moved for summary judgment on liability, there is no need to address at this juncture their further argument that the motion court failed to provide them with an opportunity to prove any non-consequential damages arising out of defendant's breach (compare Mendez v McMaroro Tr., 276 AD2d 436, 436-437 [1st Dept 2000]).
To the extent plaintiffs attempt to appeal from so much of the order that was allegedly defective in not granting plaintiffs' summary judgment motion seeking dismissal of defendant's affirmative defenses, the issue remains pending and undecided since the motion court did not rule on this branch of the motion (see Wells Fargo Bank,
N.A. v Biderman, 221 AD3d 557, 558 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024